# Powell *v.* Spilane.

*Attachment execution—Proof as to ownership of property attached—Evidence—Case for jury.*

1. On the trial of an attachment execution where the garnishee claims the six horses attached, as his own property, the case is for the jury where the garnishee's direct proof of ownership is met by testimony tending to show that the horses attached as the property of the defendant in the execution were advertised by the garnishee in the newspapers

as the property of the defendant, and were pointed out as the defendant's horses in the sales stables of the garnishee.

2. In such a case the testimony of the garnishee's bookkeeper is properly excluded if it appears that he admitted his inability to identify the six horses in controversy, and that his only knowledge on the subject was what came to him through his keeping of accounts generally for the sales stables.

Argued Oct. 13, 1914.   Appeal, No. 67, Oct. T., 1914, by John M. Burroughs, trading as William Penn Bazaar, Garnishee, from judgment of C. P. No. 2, Phila. Co., March T., 1908, No. 2,822, on verdict for plaintiff in case of Edward Powell v. D. J. Spilane.   Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Issue in attachment execution to determine the ownership of six horses.   Before STAPLES, P. J., specially presiding.

At the trial it appeared that the plaintiff obtained judgment against D. J. Spilane and issued an attachment execution against John M. Burroughs, trading as William Penn Bazaar, garnishee.   The property claimed consisted of six horses.   The garnishee testified that the horses were his own property.   The testimony for the plaintiff tended to show that the horses in question were advertised by Burroughs in the newspapers as the property of Spilane and had been pointed out as the defendant's horses in Burroughs' sale stables.

When Edwin D. Althouse was on the stand he was asked this question:

"Q. Did you know anything about these six horses which it was claimed by Mr. Obermayer were owned by Spilhane on that day?   A. I know who owned them. Q. Who did?   A. John Burroughs."

Mr. Mason: I ask that the answer be stricken out.

Cross-examined by Mr. Mason:

"Q. I am curious to know how you know which six horses it was.   A. I could not tell you exactly the six

horses. I know that every lot of horses that comes in for John Burroughs is paid for by him or somebody else, and I know that Dennis Spilhane never paid a cent since I have been there, and I have been there longer than Dennis Spilhane."

The Court: "Q. There are horses brought in there for sale on commission? A. Yes, sir. I paid off every two days."

The Court: We will strike out the answer.

Exception noted for defendant. Bill sealed. [1]

The court refused binding instructions for the garnishee.

Verdict and judgment for plaintiff for $1,050. The garnishee appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions, and (3) refusal of binding instructions for garnishee.

*Thomas Boylan*, with him *Joseph P. McCullen*, for appellant.

*Wm. Clarke Mason*, with him *Franklin S. Edmonds*, for appellee.—The exclusion of the testimony of the bookkeeper was proper: Buckman v. Phila. & Reading Ry. Co., 227 Pa. 277; Pollock v. Talcott, 30 Pa. Superior Ct. 622.

OPINION BY ORLADY, J., December 20, 1914:

The plaintiff having obtained a judgment against Dennis J. Spilane, issued an attachment execution, and summoned the appellant as a garnishee, who filed a plea of nulla bona, and the action was defended upon the theory that the property attached was his and not that of the defendant in the execution. The plaintiff adduced proof, tending to show that the six horses attached as the property of Spilane were advertised by Burroughs in the newspapers as the property of Spilane,

and were pointed out as Spilane's horses in the sales stables of the appellant. The six horses were but a part of a large stock in the garnishee's sales stables, which were all claimed to be the personal property of the garnishee, though advertised in the name of other parties, who acted as solicitors and agents of the horse bazaar. The business was complicated and of doubtful character as to the title of the horses, but it was made so by the garnishee's method of conducting the bazaar. The disputed question was purely one of fact, which should be solved by the jury and not by the court. The credibility of the witnesses, their manner of testifying, the contradictory statements, and the involved manner in which the horses were marked and sold, were entirely for the jury. These questions were fairly and adequately submitted. The garnishee presented a point asking for binding instructions to find in favor of the garnishee, which was declined and not read. The testimony of the bookkeeper was properly excluded, as he admitted his inability to identify the six horses in controversy, and that his only knowledge on the subject was what came to him through his keeping of accounts generally for the sales stables.

The judgment is affirmed.